Pennington, J.
— This is an action of debt, founded on a bond dated 13 August, 1787. The defendant pleads the statute of limitations in bar. The plaintiff replies, an acknowledgment of the debt within sixteen years; to which there is a demurrer and joinder. The plaintiff relies on the construction of the statute of limitations in case of assumpsit, in support of his replication. Although the construction given by the courts in England, to the statute of James, limiting actions in case of assumpsit, has gone very extraordinary lengths towards annulling its provisions, yet, even that construction has not gone the length which the court is required to go in support of this replication. In case of assumpsit, the action being founded on a promise, the defendant wishing to avail himself of the statute, pleads that he did not promise within six years. The plaintiff, in such case, does not reply an acknowledgment of the debt within six years; but he takes issue on the defendant’s plea, when, the parties are necessarily at issue on the promise within six years. On the trial, the Court has permitted the plaintiff to give in evidence, the acknowledgment of the debt ■within six years, which is to go to the jury as evidence of a promise; but the jury must find a promise expressly, in order to sustain the judgment. It has been likened to the common case of trover, where, if the jury find specially a demand of the goods, and a refusal to deliver them, it is not sufficient, but they must find a conversion; yet it is held that demand and refusal is sufficient evidence of a conversion. In the case of Dickinson v. Thompson, reported in 2 Show. 126, it was [*] noted by Scroggs, Chief Justice, and agreed by all the counsel, “that a promise of payment within six years, though the debt were contracted long before, will evade the statute of limitations; but confession or only acknowledgment that he owed the plaintiff so much, will not do.” This was in the reign of Charles II. Afterwards, in the reign of William III. in the case of Heyling v. Hastings, reported in Comy. 54, all the court agreed “that if a man acknowledges a debt after six years elapsed, it is good evidence of assumpsit, upon non-assumpsit infra sex annos pleaded, for the jury to find a verdict for the plaintiff; but that it is not a matter upon which, if it were found specially, the court will give judgment for the plaintiff.” This doctrine was recognized in the cases of Dean v. Crane, in the reign of Ann, reported in 6 Mod. 309. It is there said, “that a promise after the six years, brings the matter out of the statute of limitations; that owing the debt, does not go so far, but is evidence of a promise.” Since this, it has become the settled law, that the acknowledgment of a debt, *518 is good evidence to go to a jury on which to find a promise within six years, on a plea of non-assumpsit infra sex annos: Hence, the frequent dicta to be found in the books, that the acknowledgment of a debt will take it out of the statute of limitations; in one, it is even said that the slightest acknowledgment will do it; but I am not aware that any case can be found where it has been replied or specially found.
If we view this case on the pleadings, how does it stand? To an action of debt on the bond, the defendant pleads that the action did not accrue within sixteen years before ■ suit brought; to which the plaintiff replies, an acknowledgment of the debt within sixteen years; the replication must contain an answer to the plea; can it be said with legal propriety that the cause of action accrued on a bond, at the time that a parol acknowledgment was made by the obligor that the money was [*] due on it? An acknowledgment might be given in evidence to rebut a presumption of payment arising from length of time or other causes; but it does not constitute an independant cause of action. It is, however, contended by the counsel for the plaintiff, that the statute of limitations, does not change the law on the subject of bonds, any further than to shorten the time adopted by courts of law for raising a presumption of payment by length of time, from twenty to sixteen years; that the old rule is to prevail, taking sixteen for twenty years: — If such was the intention of the makers of the law, they have been very unfortunate in the language which they have used. If they had intended this, it appears to me, that they would have said, that a bond on which no payment hath been made within sixteen years before suit brought on it, shall be presumed to have been paid. In that case, I presume, the court could have let in on the trial, proof of an acknowledgment to rebut the presumption of payment, and thereby preserved the ancient course of proceeding, shortening the time to sixteen years; and if it was my duty to make, instead of to construe the law, I should be inclined to do so. But as the law now is, and under the pleadings in this cause, I am of opinion, that the replication is bad; and that the defendant is entitled to judgment; but as it is a new case, I have no objection that the plaintiff be permitted to withdraw his replication and reply anew, in case he wished it.
The other Judges concurred. .
Judgment for defendant.*

 See the same cause, ante, 435.